# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-1857V

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * <br><br>JUNE GREGORY,<br><br>                         Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                         Respondent.<br><br>* * * * * * * * * * * * * * * * * * * * * * * * * | *<br>*<br>*<br>*<br>*<br>*<br>*   Special Master Jennifer A. Shah<br>*<br>*<br>*<br>*   Filed: April 23, 2025<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

*William E. Cochran, Jr.*, Black McLaren, et al., PC, Memphis, TN, for Petitioner.
*Felicia Langel*, U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS**[1]

On September 15, 2021, June Gregory ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"), alleging that she suffered from Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccination she received on October 5, 2020. ECF No. 1 ("Pet.") at 1.

This case was in the Special Processing Unit ("SPU") for over two years while the parties attempted to informally resolve it. *See* ECF Nos. 11, 49. During negotiations, the parties engaged life care planners to estimate potential future medical needs. Fees App. at 1-2. Ultimately, the

---

[1] Because this Decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

parties reached an impasse and proceeded on a litigation track, and Petitioner hired Justin Willer, M.D., to provide an expert opinion on causation. Dr. Willer has submitted two expert reports. *See* Exs. 39, 64. Respondent has filed an expert report from Peter D. Donofrio, M.D. Ex. A.

Petitioner filed a motion for interim attorneys' fees and costs on September 16, 2024, requesting a total of $165,160.30, comprised of $116,896.20 in attorneys' fees and $48,264.10 in attorneys' costs. Fees App. at 1. Respondent filed a response on September 17, 2024, deferring to me as to whether Petitioner has met the legal standard for an award of interim attorneys' fees and costs and requesting "that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." ECF No. 60 ("Fees Resp.") at 2-3. No reply was filed by Petitioner.

I hereby **GRANT IN PART** Petitioner's application and award a total of **$163,160.30** in interim attorneys' fees and costs.

I. LEGAL STANDARD

A. Interim Attorneys' Fees and Costs

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Hum. Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer*, the Federal Circuit declared that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. *Avera* did not define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d at 1352; *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Hum. Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Special masters have viewed the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- as factors to consider in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Hum. Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs only if the special master finds that the petition was brought in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Hum. Servs*, 105 Fed. Cl. 148, 154 (2012); *Friedman v. Sec'y of Health & Hum. Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Hum. Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Hum. Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The undue hardship inquiry looks at more than just

financial involvement of a petitioner; it also looks at any money expended by a petitioner's counsel. *Kirk*, 2009 WL 775396, at *2. Referring to *Avera*, former Chief Special Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees [is] clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id*.

### B. Good Faith

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). It "focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996).

### C. Reasonable Basis

Unlike the good faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in her claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Hum. Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Although the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis. . ." *Id.* at 286. The Court in *Chuisano* found that a petition that relied on temporal proximity and a petitioner's affidavit would not be sufficient to establish reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, at *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, at *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney). The Federal Circuit has affirmed that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Hum. Servs.*, No. 2019-1596, 971 F.3d 1337, 1346 (Fed. Cir. 2020) (finding Petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert); *see also James-Cornelius v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1380 (Fed. Cir. 2021) (finding that "the lack of an express medical opinion on causation did not by itself negate the claim's reasonable basis").

When determining if a reasonable basis exists, a special master may consider a myriad of factors, including "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II. DISCUSSION

### A. An Interim Award Is Appropriate

Respondent has not raised any specific objection to Petitioner's good faith or reasonable basis for this claim; nor does he dispute that Petitioner would suffer an undue hardship were interim fees denied. He leaves the determination of whether to award interim attorneys' fees and costs, as well as any amount awarded, to my discretion. *See generally* Fees Resp.

The undue hardship inquiry considers the financial involvement of both Petitioner and her counsel. *Kirk*, 2013 WL 775396, at *2. This case has been in litigation for approximately 3.5 years, leading to substantial claims: more than $116,000.00 for fees and more than $40,000.00 for costs, including fees and costs associated with attempts to resolve this case informally. In light of the time already spent on this case, including the endeavors to settle it, I find that the Petitioner would suffer undue hardship if an award of interim attorneys' fees and costs were denied.

I find that the petition was filed in good faith. With respect to reasonable basis, as discussed above, the threshold is much lower than the burden to prove entitlement to compensation, which requires preponderant evidence. In making a reasonable basis determination, I must look at the totality of the circumstances, considering the factual basis for the claim and the medical and scientific support offered. Petitioner here has filed extensive medical records and filed two expert reports from Justin Willer, M.D., who is board certified in neurology and electrodiagnostic medicine. *See* Exs. 39, 64. Dr. Willer opined that Petitioner has GBS with treatment-related fluctuation, which was caused by an immune-mediated reaction from the flu vaccine. Ex. 39 at 27. Dr. Willer cited to data concerning the 1976 swine flu vaccination, which was causally associated with GBS, as support for his causation theory. *Id.* at 26. Based on these filings, I find that Petitioner had a reasonable basis to file the claim and has maintained a reasonable basis.

As there is no other reason to deny an award of interim attorneys' fees and costs, I will award Petitioner's reasonable fees and costs as described below.

### B. Attorneys' Fees

Petitioner requests a total of $116,896.20 in attorneys' fees. Fees App. at 1.

1. Reasonable Hourly Rate

Petitioner bears the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable. *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993). A

4

reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued Fee Schedules based on it.[3]

Petitioner requests compensation for her attorney, Mr. William E. Cochran, at the following hourly rates: $405.00 per hour for work performed in 2020; $420.00 per hour for work performed in 2021; $435.00 per hour for work performed in 2022; $450.00 per hour for work performed in 2023; and $478.00 per hour for work performed in 2024. Fees App. at 10. She requests compensation for her other attorney, Mr. Chris Webb, at the following hourly rates: $364.00 per hour for work performed in 2021; $395.00 per hour for work performed in 2022; $410.00 per hour for work performed in 2023; $435.00 per hour for work performed in 2024. *Id.* Petitioner requests paralegal and law clerk hourly rates between $161.00-$183.00. *Id.* These rates are consistent with what the Black McLaren law firm attorneys, paralegals, and law clerks have been previously awarded. *See, e.g.*, *Sciortino v. Sec'y of Health & Hum. Servs.*, No. 22-99V, 2024 WL 5298054, at *3 (Fed. Cl. Spec. Mstr. Oct. 31, 2024); *Stimson v. Sec'y of Health & Hum. Servs.*, No. 21-2171V, 2024 WL 4133295, at *2 (Fed. Cl. Spec. Mstr. Aug. 7, 2024); *Sims on behalf of A.E.S. v. Sec'y of Health & Hum. Servs.*, No. 15-1526V, 2023 WL 2234265, at *2 (Fed. Cl. Spec. Mstr. Feb. 27, 2023). I see no reason to disturb the Black McLaren firm's requested rates.

2. Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, the special master may reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Hum. Servs.*, No. 99-573V, 85 Fed. Cl. 313, 318 (Fed. Cl. 2008).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). He or she may instead make a global reduction to the total amount of fees requested. *See Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("special masters have

---

[3] The 2015-2025 Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.

wide latitude in determining the reasonableness of both attorneys' fees and costs"); *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153 (Fed. Cl. Spec. Mstr. July 25, 2011), *mot. for rev. denied*, 2011 WL 6292218, at *13 (Fed. Cl. 2011) (denying review of the special master's decision and endorsing "a global – rather than line-by-line – approach to determine the reasonable number of hours expended in this case").

   a. <u>Administrative and Clerical Tasks</u>

While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26. It is well-established that billing for administrative and clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989).

The overall hours spent on this matter appear to be largely reasonable. However, multiple entries in the submitted billing records are for clerical or administrative tasks. These tasks were performed by two paralegals and included efforts to secure Petitioner's medical records and preparation and filing of exhibits. *See generally* Fees App., Ex. A. These entries total approximately 17 hours. Because these tasks were performed by two people, over four years, and with different hourly rates, I will apply a flat $2,000.00 deduction from the requested attorneys' fees for these charges.

Accordingly, Petitioner is awarded attorneys' fees in the amount of **$114,896.20**.

**C. Reasonable Costs**

Petitioner requests a total of $48,264.10 for attorneys' costs, consisting of: $2,082.93 for medical record requests; $25.85 for mailing costs; $158.60 for photocopying expenses; $1.95 for a long-distance telephone call; $62.90 for PACER fees; $165.37 for computer-assisted research; $19,589.50 for costs associated with developing a life care plan; $25,775.00 for Dr. Justin Willer's expert reports; and $402.00 for the Court's filing fee. Fees App., Ex. 5 at 30.

Petitioner provided documentation of the medical record requests, mailing costs, and the Court's filing fee. Fees App., Ex. 5 at 33-80. Petitioner did not provide documentation for the photocopying expenses, long-distance phone call, PACER fees, or computer-assisted research, but because these costs are normal business expenses and not unreasonable, I award them in full. I discuss the remaining costs below.

   1. <u>Petitioner's Expert Costs for Justin Willer, M.D.</u>

Petitioner requests $25,775.00 for Dr. Willer's expert reports. Dr. Willer billed 46.87 hours at an hourly rate of $550.00 for review of Petitioner's medical records and the formulation of his first report (Ex. 39). Fees App., Ex. 5 at 78, 81-83. Dr. Willer has been awarded his requested hourly rate by other special masters, and I see no reason to disturb this request. *See, e.g.*, *Alonzo*

6

*v. Sec'y of Health & Hum. Servs.*, No. 18-1157V, 2024 WL 4678198, at *2 (Fed. Cl. Spec. Mstr. Oct. 10, 2024); *Grujic v. Sec'y of Health & Hum. Servs.*, No. 20-820V, 2024 WL 4263422, at *4 (Fed. Cl. Spec. Mstr. Mar. 21, 2024); *Clapp v. Sec'y of Health & Hum. Servs.*, No. 19-1913V, 2023 WL 4045224, at *3 (Fed. Cl. Spec. Mstr. May 22, 2023). I find the overall number of hours expended by Dr. Willer to be reasonable, and I will award his expert costs in full.

   2. Petitioner's Life Care Planning Costs

Petitioner requests $19,589.50 for life care planning work performed by Kay Hairston, R.N.. This case was in informal settlement negotiations for nearly two years, until the parties stated they reached an impasse and wanted to proceed on a litigation track. *See* ECF No. 49. The life care plan was prepared as part of these negotiations and was filed as Exhibit 3 to the motion for fees. Ms. Hairston, employed at the Coordinating Center, has been awarded her requested hourly rate by other special masters, and I see no reason to disturb this request. *See, e.g.*, *Linnett v. Sec'y of Health & Hum. Servs.*, No. 19-672V, 2023 WL 8099162, at *2 (Fed. Cl. Spec. Mstr. Oct. 17, 2023) (awarding all requested attorneys' costs in full); *Thompson v. Sec'y of Health & Hum. Servs.*, No. 12-475V, 2019 WL 2158834, at *2 (Fed. Cl. Spec. Mstr. Apr. 9, 2019) (awarding expenses for work performed by the Coordinating Center in full).

Ms. Hairston billed $175.00 per hour for 16 hours of work performed in 2022, and $195.00 per hour for 86.1 hours performed from 2023-24, totaling $19,589.50. *See generally* Fees App., Ex. 5; *see also* Motion for Reconsideration, Ex. 1. I award these costs in full.

I award Petitioner a total of **$48,264.10** in attorneys' costs.

## III.   CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim attorneys' fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioner's application, as follows:

- A lump sum in the amount of **$163,160.30**, representing reimbursement of Petitioner's interim attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/ Jennifer A. Shah**
Jennifer A. Shah
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

8